IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS AKINRO                      * | |
|         Petitioner, | |
|     v.                              * | CIVIL ACTION NO. CCB-06-273 |
| U.S. DEPARTMENT OF HOMELAND         * | |
|   SECURITY | |
| SPRING GROVE HOSPITAL CENTER        * | |
|         Respondents. | |
|                                   *** | |

## MEMORANDUM

Petitioner filed this Petition for Writ of Mandamus on February 1, 2006, seeking to compel United States Immigration and Customs Enforcement ("ICE") personnel remove a detainer lodged with the Spring Grove Hospital Center in Catonsville, Maryland, where petitioner is detained following his conviction for attempted second degree rape, for which he was found not criminally responsible.[1]  Docket No. 1.  Respondent United States Department of Home Security ("DHS") has filed its response to the petition (Docket No. 7) and petitioner has filed a reply.  Docket No. 11.  No hearing is needed to resolve the question as to whether petitioner is entitled to the relief requested.  *See* Local Rule 105.6.

Based on the existence of the detainer, there is little doubt that ICE intends to commence removal proceedings against petitioner some time in the future.[2]  To the extent that petitioner seeks federal district court intervention either to expedite or prevent removal proceedings, this

---

[1] Petitioner complains that the detainer has been in effect for more than a year and a half, and as a result he cannot be released to live in a group home or receive other privileges at Spring Grove.  In addition to quashing the detainer, he seeks to "punish" Department of Homeland Security personnel responsible for its lodging.  Docket No. 5.  For reasons apparent herein, such relief shall be denied.

[2] The detainer simply informs the Hospital Center that it should inform ICE prior to petitioner's release so that he can be detained pending a removal hearing.  *See generally United States v. Gonzalez-Mendoza*, 985 F.2d 1014, 1015 (9th Cir. 1993).

court is without jurisdiction.  *See* § 242(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(g).

To the extent that petitioner seeks judicial intervention to compel respondents to quash the detainer or to "punish" those responsible for its lodging, his claim likewise fails.  Under 28 U.S.C. § 1361, this district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to petitioner.  In order to meet the requirements for mandamus relief, petitioner must show that: he has the clear legal right to the relief sought; respondents have a clear legal duty to do the particular act requested; and no other adequate remedy is available.  The failure to show any of these prerequisites defeats this court's jurisdiction under § 1361.  *See First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988), citing *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976); *National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).  In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts.[3]  *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D.Md. 1975).

The undersigned concludes that petitioner has failed to meet the above established criteria.  First, petitioner does not have a clear legal right to have the detainer quashed.  On

---

[3] A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment.  *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

April 23, 2004, in the Circuit Court for Baltimore City, petitioner was found guilty but not criminally responsible for attempted second degree rape and ordered to be confined in a Maryland Department of Health and Mental Hygiene facility until further order of the court. Docket No. 7, Exhibit B.  Under § 101(a)(48) of the INA, 8 U.S.C. § 1101(a)(48), a "conviction" is defined as:

> ...a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld –
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient fact to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Thus, ICE has the statutory authority to initiate removal proceedings against aliens like petitioner who have been convicted of aggravated felonies[4] as defined in §§ 101(a)(43)(A) and 101(a)(43)(U) of the INA, 8 U.S.C. §§ 1101(a)(43)(A) and 1101(a)(43)(U).

In addition, ICE has a special statutory provision authorizing the initiation of removal proceedings against aliens convicted of aggravated felonies.[5]  This authority, however, is completely discretionary, and ICE is not required to effect the removal of an incarcerated alien prior to his release from criminal confinement.  *See* § 238(a)(3)(B) of the INA, 8 U.S.C. § 1229(a)(3)(B); *see also* § 241(a)(4)(B) of the INA, 8 U.S.C. § 1231(a)(4)(B).  Indeed, the Supreme Court has recognized the discretion applied to immigration enforcement activities.  *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 484 (1999) (INS may decline to institute proceedings, terminate proceedings, or decline to execute a final order of

---

[4] Under Maryland law, the elements of second degree rape are found at Md. Code Ann., Art. 27, § 463.

[5] *See* § 238(a)(3)(A) of the INA, 8 U.S.C. § 1229(a)(3)(C).

deportation). To the extent that petitioner may choose to challenge removal, he has a remedy – pursuit of such action in the appropriate federal circuit court. Finally, to the extent that petitioner wishes to complain that Hospital Center personnel are not allowing him certain privileges based on the existence of the detainer, he may bring any appropriate action against Hospital Center personnel.[6]

Petitioner is not entitled to mandamus relief based on the pleadings and record provided herein. A separate Order shall be entered reflecting the Opinion set forth herein.

  June 15, 2006    
  Date

/s/  
Catherine C. Blake  
United States District Judge

---

[6] The detainer states that it is "for notification purposes only and does not limit" the Hospital Center's "discretion in any decision affecting [petitioner's] classification, work and quarters assignments, or other treatment which he...would otherwise receive." Docket No. 7, Exhibit C, Immigration Detainer –Notice of Action (Form I-247).